# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:08-CV-00015-JHM**

| | |
|---|---|
| **VANESSA L. POTTS and JOHN L. POTTS** | **PLAINTIFFS** |
| v. | |
| **MARTIN & BAYLEY, INC., d/b/a/ Hucks**, **CATLOW, INC. and HUSKY CORPORATION** | **DEFENDANTS** |
| and | |
| **MARTIN & BAYLEY, INC., d/b/a/ Hucks** | **CROSS-CLAIMANT** |
| v. | |
| **CATLOW, INC. and HUSKY CORPORATION** | **CROSS-DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for the limited purpose of addressing Defendant Catlow Inc.'s Motion for Summary Judgment as to Defendant Martin & Bayley Inc.'s third-party reimbursement claim [DN 151]. This issue was reserved by the Court in its Memorandum, Opinion and Order dated June 24, 2011 [DN 180], for the purpose of having Martin & Bayley file a sur-reply. Having received the sur-reply, this matter is ripe for decision.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a

genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by " showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## II. BACKGROUND

The facts of this case are well known to the parties and the Court. The Court refers any reader not familiar with these facts to its earlier Memorandum, Opinion and Order dated June 24, 2011.

## III. DISCUSSION

Catlow has moved for summary judgment as to Martin & Bayley's claim for reimbursement. While not totally clear, Martin & Bayley's request for reimbursement damages appears to be a request for damages associated with the breach of warranties claim found in its Third Party Complaint. Def. Martin & Bayley's Third Party Compl. ¶ 10. Catlow first argues that the reimbursement claim fails due to a lack of privity. However, this defect has been cured by an assignment of warranty rights from Jorgenson Petroleum, the initial purchaser of the Catlow nozzles, to Martin & Bayley.

Catlow next argues that it is entitled to summary judgment because the warranty associated with those nozzles was an 18 month warranty, and that there was no evidence that it had ever failed to "honor its warranty by replacing and/or refunding nozzles returned by Jorgenson under warranty[.]" Aff. Carmack 3. Martin & Bayley contends, in its sur-reply, that there are genuine disputes of material fact regarding the costs incurred in purchasing extra Catlow nozzles due to the nozzles' repeated failures. Furthermore, Martin & Bayley contends that the nozzles were not fit for the ordinary purposes for which such goods are used, violating the nozzles' implied warranty of merchantability.

Martin & Bayley argues that Catlow's express warranty does not act to eliminate all other warranties, express and implied, associated with the nozzles. Under Kentucky law, "[w]arranties whether express or implied shall be construed as consistent with each other and as cumulative, but if such construction is unreasonable the intention of the parties shall determine which warranty is dominant." Ky. Rev. Stat. Ann. § 355.2-317. Catlow has failed to produce evidence that its express 18 month warranty was intended to eliminate all other warranties, including the implied warranty of merchantability. Therefore, the Court finds that there are genuine disputes of material fact regarding Martin & Bayley's claim against Catlow for violations of the implied warranty of merchantability. These genuine disputes of material fact preclude granting summary judgment in Catlow's favor as to Martin & Bayley's reimbursement/warranty claim.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Catlow's Motion for Summary Judgment on Defendant Martin & Bayley's reimbursement claim [DN 151]
3

is **DENIED**.

cc: counsel of record