UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:08-CV-00015-JHM

VANESSA L. POTTS and JOHN L. POTTS                      PLAINTIFFS

v.

MARTIN & BAYLEY, INC., d/b/a/ Hucks,
CATLOW, INC. and HUSKY CORPORATION                      DEFENDANTS

and

MARTIN & BAYLEY, INC., d/b/a/ Hucks                     CROSS-CLAIMANT

v.

CATLOW, INC. and HUSKY CORPORATION                      CROSS-DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Third-Party Plaintiff Martin & Bayley, Inc.'s Motion for Reconsideration [DN 184]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendant/Third-Party Plaintiff's motion to reconsider.

This matter involves a fire that occurred at a Huck's self-service gas station in Morganfield, Kentucky, on January 14, 2008. Plaintiffs' allege that the fire was caused when the pump failed to shut off causing gasoline to overflow out of the gas tank and onto the ground. The gasoline then ignited causing Plaintiff Vanessa Potts to be severely burned. This action was filed by Plaintiffs against the owner of the Huck's, Martin & Bayley, Incorporated, on February 12, 2008. Martin & Bayley then filed a Third-Party Complaint against Catlow, Incorporated and Husky Corporation, the manufacturers of the nozzles used by Huck's at the time of the fire. Thereafter, Plaintiffs' amended their Complaint to also include claims against Catlow and Husky.        On June 24, 2011, the

Court issued a Memorandum, Opinion and Order granting Catlow summary judgment on Martin & Bayley's indemnity claim. Martin & Bayley now requests that the Court reconsider that decision.

The Sixth Circuit recognizes that a district court may reconsider an interlocutory order at any time before final judgment. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). See also United States v. Lexington-Fayette Urban Cnty. Gov't, 2008 WL 4490200, at *1 (E.D. Ky. Oct. 2, 2008); Edmonds v. Rees, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008). As Martin & Bayley notes in its reply, it has not moved for reconsideration under Rules 59 and 60, because there has been no judgment in this matter, i.e. "a decree [or] any order from which an appeal lies." Fed. R. Civ. P. 54(a). Therefore, the relief that Martin & Bayley seeks is only available under Rule 54(b). See Edmonds, 2008 WL 3820432, at *2 ("both Rule 59 and Rule 60 are only applicable to final orders or judgments.") (citation omitted).

Martin & Bayley has moved the Court to reconsider its Memorandum, Opinion and Order dismissing Martin & Bayley's indemnity claim against Catlow because: (1) there is new evidence; (2) the Court made a clear error of law by not considering the facts in the light most favorable to Martin & Bayley, the non-moving party; and (3) the Court made a clear error of law by disregarding Kentucky precedent allowing indemnity in products liability actions.

Martin & Bayley contends that under Kentucky law, the supplier of a defective product is primarily liable for an injury caused by the defective product. In support of this proposition, Martin & Bayley cites Kroger v. Bowman, 411 S.W.2d 339 (Ky. 1967). In reviewing the Kroger case, and

2

drawing all inferences in favor of Martin & Bayley, the Court recognizes that there is a possibility that the jury will find that the nozzle was defective when delivered and that Martin & Bayley's sole negligence was in failing to inspect and learn of the dangerous condition. If that proves to be the jury's finding, then Martin & Bayley would be entitled to indemnity like the premises owner in <u>Kroger</u>. Therefore, upon reconsideration, the Court finds that it was error to grant summary judgment on the indemnity claim.

However, it is as likely that the jury will find Martin & Bayley's negligence to involve more than simply failing to discover a dangerous condition. Thus, it will be vital that the jury's findings be clear so that it can be determined whether indemnity is appropriate.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Martin & Bayley's Motion to Reconsider [DN 184] is **GRANTED**.

*[Signature]*
Joseph H. McKinley, Jr., Judge
United States District Court

September 28, 2011

cc: counsel of record