UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:08-CV-00015-JHM

VANESSA L. POTTS and JOHN L. POTTS                PLAINTIFFS

    v.

MARTIN & BAYLEY, INC., d/b/a/ Hucks,
CATLOW, INC. and HUSKY CORPORATION          DEFENDANTS

    and

MARTIN & BAYLEY, INC., d/b/a/ Hucks          CROSS-CLAIMANT

    v.

CATLOW, INC. and HUSKY CORPORATION          CROSS-DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Third-Party Defendant Catlow, Inc.'s Motion to Exclude Evidence of Nozzle Returns and Warranty Records [DN 215]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **DENIES** the Defendant's motion.

## I. BACKGROUND

This matter involves a fire that occurred at a Huck's self-service gas station in Morganfield, Kentucky, on January 14, 2008. Plaintiffs' allege that the fire was caused when a gas pump failed to shut off causing gasoline to overflow out of the gas tank and onto the ground. The gasoline then ignited causing Plaintiff Vanessa Potts to be severely burned. This action was filed by Plaintiffs against the owner of the Huck's, Martin & Bayley, Incorporated, on February 12, 2008. Martin & Bayley then filed a Third-Party Complaint against Catlow, Incorporated and Husky Corporation, the manufacturers of the nozzles used by Huck's at the time of the fire. Thereafter, Plaintiffs' amended

their Complaint to also include claims against Catlow and Husky.

Catlow is seeking to exclude evidence of a recall it initiated as well as several types of warranty records it maintains.  Martin & Bayley contends that this evidence is relevant and probative of Catlow's knowledge regarding a systemic intermittent non-shutoff/overflow problem in its Elite nozzles.

## II. DISCUSSION

Catlow has sought to exclude any evidence or testimony concerning a recall of a latch-kick feature on the 3/4 Elite Nozzle, as well as several types of warranty records.  Catlow has argued that evidence of the recall of the latch-kick feature for the 3/4 Elite Nozzle should be excluded because it is undisputed that the subject nozzle that is at the center of this litigation did not have the latch-kick feature.  Catlow argues that because Martin & Bayley cannot demonstrate that the conditions described in the recall were present on the subject nozzle that the recall is irrelevant and should be excluded under F.R.E. 402.  Catlow further argues that any slight relevance that such evidence may have is substantially outweighed by the risk of prejudice inherent in the introduction of the evidence. Martin & Bayley contends that the design and recall of the latch-kick feature is all relevant evidence of Catlow's knowledge of an overflow issue with its Elite nozzles as well as Catlow's unsuccessful attempts to remedy that issue.

Under the Federal Rules of Evidence, relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Evidence which is not relevant is not admissible.  Fed. R. Evid. 402.  Even when evidence is relevant, it may be excluded when its "probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury." Fed. R. Evid. 403.  Evidence regarding a recall notice is relevant when the conditions that form the basis of the recall are present in the product that caused the plaintiff's accident.  Calhoun v. Honda Motor Co., Ltd., 738 F.2d 126, 134 (6th Cir. 1984).

The Court finds that the evidence concerning the recall of the latch-kick feature is relevant and admissible.  This evidence is probative of whether Catlow knew that it had an intermittent non-shutoff/overflow problem.  Catlow contends, at this stage of the litigation, that the latch kick feature "did not affect the automatic shut-off function of the 3/4 Elite nozzle."  (Catlow's Mot. Exclude Evidence of Nozzle Returns 2 [DN 215].)  However, at the time of the recall, Catlow submitted an Engineering Change Notice for the latch-kick feature which stated that the "[n]ew lower lever PN 2573 caused intermitten [sic] no shut-off on Elite and re-built nozzles."  (Martin & Bayley's Resp. Ex. 4.)  The overflow of a nozzle is the same condition that was present in the nozzle that injured Mrs. Potts.

While it is undisputed that the nozzle at the center of this case did not have the latch-kick feature, it is important to note that there is evidence that the nozzle at issue in this case suffered from the same intermittent non-shutoff/overflow condition identified with the latch-kick feature.  As Catlow now claims that the latch-kick feature did not affect that automatic shutoff–a statement with which Martin & Bayley agrees–the only logical conclusion is that at the time of Catlow's recall there was some other defect in its nozzles causing intermittent non-shutoff/overflow problems.  Martin & Bayley argues that Catlow's implementation and quick recall of the latch-kick feature was one of many attempts by Catlow to remedy the intermittent non-shutoff/overflow problem inherent in its nozzle design.  (Id. at 4.)  As such, the Court finds that the recall of the latch-kick feature is

relevant and probative of whether Catlow knew that it had an intermittent non-shutoff/overflow problem, and what steps, or lack thereof, it took to fix such a problem.

Catlow also seeks to exclude evidence of its warranty records. Catlow contends that these records are inadmissible hearsay because they are based on out of court statements made by customers that are being offered to prove the existence of a defect. Catlow further argues that these records are irrelevant because neither Plaintiffs nor Martin & Bayley can prove that the incidents recorded in the reports and records are substantially similar to the defect at issue in this case. Martin & Bayley contends that the reports are excluded from the hearsay rule as a regularly documented business record. Martin & Bayley argues, in the alternative, that these records are not hearsay because they are not being offered to prove the truth of the matter asserted but are instead being offered to prove notice. Martin & Bayley contends that the records are admissible because they meet the substantial similarity test outlined in Rye v. Black & Decker Mfg. Co., 889 F.2d 100 (6th Cir. 1989).

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Under the Federal Rules of Evidence, hearsay is not admissible, Fed. R. Evid. 802, unless it fits into one of several exceptions, see Fed. R. Evid. 803. Martin & Bayley contends that these records are admissible under the business records exception of F.R.E. 803(6).[1] Martin & Bayley

_____

[1] Rule 803(6) states in pertinent part: "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method

4

argues that the records are admissible because they were "collected as a regular part of Catlow's business and the records are made by people who have direct knowledge of the facts being documented in the records." (Martin & Bayley Resp. 7.) Catlow contends that these records contain hearsay with hearsay and that because there is not a corresponding exception for each level of hearsay, the records must be excluded.

There is some precedent for excluding warranty reports and records on the basis of hearsay. See Clevenger v. CNH America, LLC, 340 F. App'x 821, 825 (3d Cir. 2009) (affirming district courts exclusion of accident reports as inadmissible under F.R.E. 803(6)); Crouch v. Teledyne Cont. Motors, Inc., 2011 WL 2650879, at *2 (S.D. Ala. July 6, 2011) (rejecting argument that warranty records are admissible under F.R.E. 803(6)); Galloway v. Big G Express, Inc., 2008 WL 2704443, at *2 (E.D. Tenn. July 3, 2008) (excluding warranty records under the business exception rule because "[e]ven though the warranty claim records themselves may satisfy the business records exception, the underlying statements made by customers would still need an independent basis for admisibility.").

While the Court recognizes the inherent hearsay issue present in many of the warranty records, the Court does not believe that all of the warranty documents suffer from this issue.  The documents titled "warranty inspection reports" appear to quantify the results of Catlow's employees' testing of returned or suspect nozzles using Catlow's failure code entries.  These  warranty inspection reports would be admissible under Rule 801(d)(2) as admissions by party opponents.

Notwithstanding the hearsay within hearsay issue surrounding the remaining documents, the Court finds that these documents may be admissible to prove Catlow's notice of an intermittent non-

---

or circumstances of preparation indicate lack of trustworthiness."

shutoff/overflow problem with its nozzles.  Under such circumstances, the warranty records are not being offered to prove the truth of the matter asserted and are not subject to the hearsay exclusion. See Galloway, 2008 WL 2704443, at * 3-4 ("[H]earsay concerns do not serve as a basis of precluding the [warranty documents] to the extent such evidence is offered to establish notice or Defendant's knowledge.").  However, to be admissible, Martin & Bayley must still demonstrate that the records are relevant.

The seminal case on the relevance of prior incidents or accidents is Rye v. Black & Decker Mfg. Co., 889 F.2d 100 (6th Cir. 1989).  In Rye, the court held that to be admissible, evidence of prior accidents "must be 'substantially similar' to the one at issue[.]" Id. at 102.  The plaintiff bears the burden of proving that his accident "occurred under similar circumstances or shares the same cause" as the prior accidents.  Id.  Martin & Bayley contends that this standard should be relaxed when the prior accidents are being introduced to prove a defendant's notice regarding the defect. The Sixth Circuit has neither accepted nor rejected such a theory, however, there is persuasive precedent indicating that the standard for such a use is relaxed.  See Surles v. Greyhound Lines, Inc., 474 F.3d 288, 298 (6th Cir. 2007); Bryan v. Emerson Elec. Co., Inc., 856 F.2d 192 (6th Cir. 1988) (unpublished table decision).

In the instant case, Martin & Bayley contends that all of the warranty records are admissible to prove that Catlow was on notice of intermittent non-shutoff/overflow problems associated with its nozzles.  Catlow contends that these records do not demonstrate sufficient "substantial similarity" to be admissible.  Catlow argues that many of these warranty records are associated with the latch-kick feature that was not present on the nozzle involved with this case, while the other records are too vague to demonstrate "substantial similarity."

The Court finds that given the relaxed standard for "substantial similarity" required to demonstrate notice, that these warranty records are admissible.  The records that have been submitted are all from the relevant two year period during which Martin & Bayley was purchasing Catlow nozzles.  Furthermore, these records indicate a continuous problem with intermittent non-shutoff/overflow problems in Elite nozzles.  As Martin & Bayley contends, this evidence is relevant to demonstrate a consistent problem with Catlow's manufacturing process and its ability to identify the actual defect causing the overflow issues.  These records document substantially similar problems with Catlow Elite nozzles and are admissible for the purpose of demonstrating Catlow's knowledge of an intermittent non-shutoff/overflow problem.

The Court rejects Catlow's claim that the probative value of this evidence is substantially outweighed by the potential prejudicial effect it may have on the jury.  The evidence is prejudicial because of its probative value.  However, it is not unfairly prejudicial.  Therefore, the Court declines to exclude this evidence under F.R.E. 403.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant/Third-Party Defendant Catlow's Motion to Exclude Evidence of Nozzle Returns and Warranty Records [DN 215] is **DENIED**.

cc: counsel of record