# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:08-CV-00015-JHM**

**VANESSA L. POTTS and JOHN L. POTTS**   **PLAINTIFFS**

v.

**MARTIN & BAYLEY, INC., d/b/a/ Hucks**,
**CATLOW, INC. and HUSKY CORPORATION**   **DEFENDANTS**

and

**MARTIN & BAYLEY, INC., d/b/a/ Hucks**   **CROSS-CLAIMANT**

v.

**CATLOW, INC. and HUSKY CORPORATION**   **CROSS-DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Third-Party Plaintiff Martin & Bayley, Inc.'s Motion for Partial Summary Judgment as to Claims for Future Medical Expenses [DN 199], Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims Based on Alleged Violations of Kentucky Fire Regulations [DN 200], and Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims for Punitive Damages [DN 201]. Fully briefed, these matters are ripe for decision. For the following reasons, the Court **DENIES** Martin & Bayley's motions.

## I. BACKGROUND

This matter involves a fire that occurred at a Huck's self-service gas station in Morganfield, Kentucky, on January 14, 2008. Plaintiffs' allege that the fire was caused when a gas pump failed to shut off causing gasoline to overflow out of the gas tank and onto the ground. The gasoline then ignited causing Plaintiff Vanessa Potts to be severely burned. This action was filed by Plaintiffs

against the owner of the Huck's, Martin & Bayley, Incorporated, on February 12, 2008. Martin & Bayley then filed a Third-Party Complaint against Catlow, Incorporated and Husky Corporation, the manufacturers of the nozzles used by Huck's at the time of the fire. Thereafter, Plaintiffs' amended their Complaint to also include claims against Catlow and Husky.

Martin & Bayley has filed three motions for partial summary judgment seeking to dismiss (1) Plaintiffs' claim for future medical expenses; (2) Plaintiffs' claim for negligence per se for Martin & Bayley's alleged violation of Kentucky Administrative Regulations; and (3) Plaintiffs' claim for punitive damages.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by " showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1).

2

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

**A. Future Medical Expenses**

Martin & Bayley's first motion seeks summary judgment as to Plaintiffs' claim for future medical expenses. Martin & Bayley contends that Plaintiffs have failed to demonstrate within a reasonable degree of medical probability that Plaintiff Vanessa Potts will require future medical treatment or the likely cost of such treatment. Plaintiffs respond and contend that this is an issue that should be addressed by a motion for directed verdict because Plaintiffs are not required to produce such evidence prior to trial.

In addressing future medical damages, the Kentucky Supreme Court has held "where there is substantial evidence of probative value to support it, the jury may consider and compensate for the increased likelihood of future complications." Davis v. Graviss, 672 S.W.2d 928, 932 (Ky. 1984), *overruled on other grounds by* Sand Hill Energy, Inc. v. Ford Motor Co., 83 S.W.3d 483 (Ky. 2002); see also Cincinnati Ins. Co. v. Samples, 192 S.W.3d 311, 318 (Ky. 2006) (finding doctor's testimony that 15-20% of his patients that have plaintiff's injury require future surgery sufficient for the jury to award damages for future medical expenses).

Plaintiffs contend that is has disclosed that Dr. William Bebout, M.D., Vanessa Potts' treating physician, will testify regarding the permanency of Mrs. Potts' injury as well as the need for future treatment. In support of this argument, Plaintiffs have submitted an affidavit sworn to by Dr. Bebout attesting his belief, within a reasonable degree of medical probability, that Mrs. Potts

3

will need certain treatments in the future to relieve tension and pressure in the scarred area of her leg and that such treatments will cost between $20,000 and $30,000.[1] (See Bebout Aff., Pls.' Resp. Ex. A [DN 243].) Plaintiffs' contend that this affidavit demonstrates a genuine dispute of material fact regarding future medical damages. Defendant's reply indicates a lack of timely disclosure. Summary judgment at this time is inappropriate. Therefore, the Court **DENIES** Martin & Bayley's motion and this issue will be resolved at trial.

**B. NFPA 30A**

Martin & Bayley's second motion seeks summary judgment on Plaintiffs' theory of liability premised upon a violation of Kentucky regulation 815 K.A.R. 10:060. 815 K.A.R. 10:060 adopts the National Fire Protection Association's Uniform Fire Code, known as NFPA 1. NFPA 1, in turn incorporates NFPA 30A, Code for Motor Fuel Dispensing Facilities and Repair Garages. Section 9.4 of NFPA 30A lists the operating requirements for attended self-service motor fuel dispensing facilities. This section of the code states that "[t]here shall be at least one attendant on duty while the self-service facility is open for business. The attendant's primary function shall be to supervise, observe, and control the dispensing of Class I liquids while said liquids are actually being dispensed."[2] NFPA30A § 9.4.2. The regulation further states that "[t]he attendant or supervisor on duty shall be mentally and physically capable of performing the functions and assuming the responsibility prescribed in Section 9.4." Id. at § 9.4.3.1.

Martin & Bayley admits that its attendant "did not 'supervise, observe, and control the

---

[1] Plaintiffs note that Martin & Bayley has declined, until recently, to depose any of Plaintiffs' experts, except for Plaintiffs' treating surgeon, Dr. Green. At this time, it appears that Martin & Bayley plans to depose Dr. Bebout in the next week before trial.

[2] Gasoline is considered a Class I liquid. See NFPA 30A, Annex B, Tbl. B-1.

4

dispensing of Class I liquids'" at the time of Mrs. Potts' accident, but was instead in the rear of the store making a pizza in the deli for another customer. (Martin & Bayley's Mot. Part. Summ. J. 1-2 [DN 200].) However, Martin & Bayley contends that it did not violate NFPA 30A because it is undisputed that it informed the attendant that her primary function was watching the gasoline pumps and assisting in that process. Martin & Bayley argues that the regulation does not regulate the attendant's conduct but instead regulates the attendant's job description. Id. at 2. Martin & Bayley further argues that although the attendant was fulfilling a secondary function at the time of the fire, working the deli, that she was still assigned the primary function of supervising and observing the dispensing of gasoline, which is enough to satisfy the regulation.

Plaintiffs' and Catlow contend that Martin & Bayley's view is an erroneous interpretation of the regulation. Catlow contends that regardless of what the attendant's "'primary assignment' may have been, it is clear that [the attendant] was not performing her primary function at the time of the fire." (Catlow's Resp. 4 [DN 242].) Plaintiffs' argue that "[t]he regulation is to provide protection during the potentially hazardous process of dispensing gasoline," and that such a purpose cannot be "accomplished if those being regulated and required to supervise, observe and control the process can, in their discretion, ignore the process as [Martin & Bayley] contends." (Pls.' Resp. 3 [DN 247].)

The Court agrees with Martin & Bailey. There is no genuine issue of fact that it had at least one attendant on duty and that the attendant's primary function was to supervise, observe, and control the dispensing of gasoline. Therefore, there is no evidence that it violated the regulation. However, this conclusion certainly does not equate to a finding that the conduct of the attendant was reasonable.

5

Although Martin & Bailey seeks summary judgment on the claims based on an alleged violation of these regulations, there is no such specific claim made in this case. The claim asserted in this case is that Martin & Bailey failed to exercise ordinary care to maintain its premises in a reasonably safe condition for the dispensing of gasoline. Whether the attendant on duty actually supervised, observed and controlled the dispensing of gasoline is relevant evidence for the jury to consider in deciding the ultimate question of negligence. However, discussion of the regulation needs to be in this context and not as if it were a separate claim. Since the Court cannot grant summary judgment on a claim that does not exist, it **DENIES** Martin & Bayley's motion.

**C. Punitive Damages**

Martin & Bayley's third motion seeks summary judgment as to Plaintiffs' claim for punitive damages. Martin & Bayley contends that because there has been expert testimony elicited that the defect within the nozzles was undiscoverable by Martin & Bayley that it cannot be found to have demonstrated a wanton or reckless disregard for the safety of others. Martin & Bayley further contends that it cannot be held liable for any gross negligence of its employees because the evidence does not support a finding that Martin & Bayley authorized, ratified, or could have anticipated the employees allegedly negligent conduct. Plaintiffs' contend that there are genuine disputes of material fact that preclude summary judgment regarding Martin & Bayley's knowledge of and response to complaints of overflows at the Morganfield location, as well as the adequacy and implementation of employee training. Plaintiffs' also challenge the constitutionality of K.R.S. §§ 411.184(2),(3).

The Court declines to grant summary judgment on the issue of punitive damages at this time. Instead, it will hear the proof and decide whether to allow the jury to award punitive damages.

Likewise, the constitutional issues raised by the Plaintiff will be addressed at trial. Therefore, the Court **DENIES** Martin & Bayley's motion.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Martin & Bayley's Motion for Partial Summary Judgment as to Claims for Future Medical Expenses [DN 199], Motion for Partial Summary Judgment Dismissing Plaintiffs' Claims Based on Alleged Violations of Kentucky Fire Regulations [DN 200], and Motion for Partial Summary Judgment Dismissing Plaintiff's Claims for Punitive Damages [DN 201] are **DENIED**.

cc: counsel of record