# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:08-CV-00015-JHM

VANESSA L. POTTS and JOHN L. POTTS      PLAINTIFFS

v.

MARTIN & BAYLEY, INC., d/b/a/ Hucks,
CATLOW, INC. and HUSKY CORPORATION      DEFENDANTS

and

MARTIN & BAYLEY, INC., d/b/a/ Hucks      CROSS-CLAIMANT

v.

CATLOW, INC. and HUSKY CORPORATION      CROSS-DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion in Limine Objecting to the Introduction of Exhibits [DN 236]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** Plaintiffs' motion.

## I. DISCUSSION

Plaintiffs seek to preclude Defendants from introducing, as exhibits at trial, portions of Barnes Jewish Hospital medical records that discuss Plaintiff Vanessa Potts' use of a cell phone during her refueling process. At issue are three records from the Barnes Jewish Hospital. The first is a Consultation Report, dated January 15, 2008, in which Dr. John Green states that Vanessa Potts was burned "while she was pumping gas at a gas station. She was in her car and exited the car while using her cell phone, and apparently gas was overflowing at the pump, somehow ignited, and her left leg was consumed by the fire." (See Pls.' Mot. Obj. Proposed Ex., Ex. 2 Consultation Report Jan. 15, 2008, at 1 [DN 236].) The other two statements, which are found on the Emergency Department

Trauma Flowsheet, are that "[a]fter shut off failed @ gas station, PT got out of car c̱ cell phone & spontaneous combustion (thought to be static electricity)" and "claims pumping gas c̱ spark ignition from cell phone." (See Id., Ex. B [DN 236].)

Plaintiffs contend that the excerpts that discuss the use of a cell phone are hearsay without an appropriate exception. Plaintiffs argue that Vanessa Potts made no such statements to medical personnel regarding the use of a cell phone, an argument supported by her and W.P.'s deposition testimony. Defendants contend that these records are admissible as admissions by party opponents under F.R.E. 801(d)(2), as statements for the purpose of medical diagnosis under F.R.E. 803(4), or as part of a business record under F.R.E. 803(6).

"Whether a statement qualifies as a party admission is a question of relevancy conditioned on fact." Weinstein's Evid. Manual § 15.02[2] (2011). For a statement to be admissible as an admission by a party opponent under F.R.E. 801(d)(2), the party seeking to introduce the statement must prove by a preponderance of the evidence that the opponent actually made the statement. United States v. Lang, 364 F.3d 1210, 1222 (10th Cir. 2004) *vacated on other grounds*, 543 U.S. 1108 (2005); see also Weinstein's Evid. Manual § 15.02[2] (2011). Similarly, if a party seeks to have a statement admitted under F.R.E. 803(4), only those statements made by the person seeking medical treatment are admissible. Field v. Trigg Cnty. Hosp., Inc., 386 F.3d 729, 735-36 (6th Cir. 2004). Likewise, a statement contained in a business record under F.R.E. 803(6) must be shown to have been made by a person with knowledge of the information in order to be admissible. Auto Indus. Supplier Employee Stock Ownership Plan v. Ford Motor Co., 2011 WL 2610584, at *17 (6th Cir. July 1, 2011). Even when such knowledge is alleged, the Court may exclude hearsay statements from business records where "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

In <u>Geis v. Tricam Industries, Inc.</u>, 2011 WL 2971247 (D.N.J. July 20, 2011), the court was faced with statements contained in medical records regarding how the plaintiff came to suffer his injuries. The plaintiff in <u>Geis</u> moved to exclude the statements on the grounds that he never made the statements and that the records were unclear as to who actually did. <u>Id.</u> at *1. The defendant claimed that the statements were admissible as admissions by a party opponent under F.R.E. 801(d)(2), as statements made for purposes of medical diagnosis or treatment under F.R.E. 803(4), or as a statement contained in a business record under F.R.E. 803(6). <u>Id.</u> at *2-3.

The court found that the identity of the declarant was unclear and that there was no basis for assuming that the plaintiff made the statements to the medical providers. <u>Id.</u> at *2. Accordingly, the court found that the statements were not admissible as admissions by a party opponent or as statements made by a patient to a medical provider under F.R.E. 803(4). <u>Id.</u> The court also found that the "lack of identification of the declarant . . . prohibits the Court . . . from being able to make the necessary determination that the hearsay statements were made by 'a person with knowledge' as to the accuracy of the challenged statements." <u>Id.</u> at *4. Therefore, the court found that the statements were not admissible as a regularly conducted business record under F.R.E. 803(6).

In the instant case, the statements in the medical records regarding the use of a cell phone suffer from the same problem identified in <u>Geis</u>, lack of identification of the declarant. While Vanessa Potts has never affirmatively denied that she was using her cell phone on the night of the fire, her deposition testimony and that of her minor son, W.P., both clearly indicate that Vanessa was not on her cell phone when she exited her vehicle. (<u>See</u> Vanessa Potts Dep. 42-49 [DN 99], W.P. Dep. 31 [DN 100].) Plaintiffs contend, and Defendants do not dispute, that after numerous depositions of witnesses and emergency responders present on the night in question, no person present at the scene that night has "ever raised the issue of cell phone use in this fire." (Pls.' Mem.

3

Support Mot. in Limine 3 [DN 236].) Furthermore, Dr. Green, the attending physician whose notes comprise one of the challenged statements, has testified that "[a] lot of the information we get in these situations is from the EMS report[,]" or "when an EMS provider walks in and tells us what happened." (Green. Dep. 30:15-16, 33:6-7.) He also testified that the information he includes in his consultation report is not always from the patient. (Id. at 32:12-16.)

Given these facts, the Court finds that it is unclear who the declarant of the challenged statements might be. What is clear is that Defendants have not shown by a preponderance of the evidence that these statements were made by Mrs. Potts. Therefore, they are not admissible as admissions by a party-opponent under F.R.E. 801(d)(2) or as statements made for the purpose of medical treatment under F.R.E. 803(4). See Geis, 2011 WL 2971247, at * 2-3. Likewise, the Court finds the inability to identify the declarant indicates a lack of trustworthiness such that these statements should not be admitted under the business records exception to the hearsay rule. See Fed. R. Evid. 803(6).

## II. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine Objecting to the Introduction of Exhibits [DN 236] is **GRANTED**.

cc: counsel of record